IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

WALTER VALDIVIA

CRIMINAL ACTION FILE NO.

1:21-cr-451-WMR-JKL-2

## FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant Walter Valdivia's Motion to Sever. [Doc. 390.] For the reasons that follow, it is **RECOMMENDED** that the motion be **DENIED**.

Valdivia is charged along with nine codefendants in a 28-count superseding indictment with one count of wire fraud conspiracy under 18 U.S.C. § 1349, thirteen counts of wire fraud under 18 U.S.C. § 1343, one count of conspiracy to commit money laundering under 18 U.S.C. § 1956(h), eleven counts of money laundering under 18 U.S.C. § 1957, and two counts of money laundering under 18 U.S.C. § 1956(a). [Doc. 80.] Each defendant is charged in every count. [*Id.*] The charges stem from alleged telephone scams in which callers defrauded victims into sending money to bank accounts controlled by the defendants, who then laundered the money by transferring it to one another. Valdivia is specifically alleged to have established two bank accounts in the name of shell companies, received

fraudulently-obtained funds into the accounts, and transferred funds to other codefendants. [*Id.* at 5-7, 10, 12, 14, 17-21.]

Valdivia moves to sever his case under Rule 14(a) of the Rules of Criminal Procedure due to the potential for prejudicial spillover. [Doc. 390.] He argues that though he is charged with receiving and transferring funds, there is no allegation that he was involved in communicating with alleged victims, and at a trial, alleged victims who have no personal knowledge of Valdivia will likely testify, creating "a spillover effect that will lead to prejudice against [him]." [*Id.* at 1-2.] In support, he cites a single case, *United States v. McLain*, 823 F.2d 1457 (11th Cir. 1987), for the proposition that denying a motion to sever may be an abuse of discretion where the charges against a codefendant are of an entirely different nature from the charges facing the defendant. [*Id.* at 2.]

The government responds that severance is not warranted because he is charged in each of the 28 counts in the indictment and, thus, "is in the exact same league as his co-defendants."[1] [Doc. 400 at 4.]

---

[1] The government also argues that joinder is proper under Federal Rule of Criminal Procedure 8. [Doc. 400 at 2-3.] Valdivia does not seek severance based on improper joinder; thus, the undersigned will not belabor that issue further.

2

Rule 14 authorizes the severance of properly joined defendants for trial if their joinder "appears to prejudice a defendant . . . ." Fed. R. Crim. P. 14(a).  Even so, "[t]he burden is on the defendant to demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997).  The Eleventh Circuit has recognized four general types of prejudicial joinder that can require severance under Rule 14: (1) where the defendants rely on mutually antagonistic defenses; (2) where one defendant would exculpate the moving defendant in a separate trial, but will not testify in a joint setting; (3) where inculpatory evidence will be admitted against one defendant that would be inadmissible against the other; and (4) where the moving defendant will be prejudiced by "spillover" of evidence, which may prevent the jury from sifting through the evidence to make an individualized determination as to each defendant. *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009).  Severance on any of these grounds is "rarely granted," and is committed to the discretion of the trial court. *Id.* at 1360.

The undersigned finds that Valdivia has not shown that severance is warranted here.  Even if Valdivia did not communicate directly with victims, he is

3

alleged to have played an integral part of the alleged scams.[2]  And, thus, the government's position that he is "in the exact same league" as the other defendants is well-taken.  And as to Valdivia's concern that a jury will be unable to sift through the evidence at trial and make an individual determination of guilt, that is a concern in virtually any multi-defendant case where the participants have differing levels of participation.  Whatever risk there may be can likely be cured through limiting instructions to the jury.  *See United States v. Lopez*, 649 F.3d 1222, 1239 (11th Cir. 2011).  Accordingly, the Court concludes that, at this point, Valdivia has not demonstrated that he would suffer such compelling prejudice to mandate severance.

For the foregoing reasons, it is **RECOMMENDED** that Valdivia's motion to sever be **DENIED**.

The Court has now ruled on all of this Defendant's pretrial motions.  As a result, this case is **CERTIFIED READY FOR TRIAL**.

IT IS SO RECOMMENDED this 28th day of February, 2024.

JOHN K. LARKINS III
United States Magistrate Judge

---

[2] Along these lines, this case is distinguishable from *McLain*, where the defendants were joined under a RICO count containing two separate and unrelated conspiracies, one of which one codefendant had no knowledge.  823 F.2d at 1467.